QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  David Eiseman (Bar No. 114758)
  Albert P. Bedecarré (Bar No. 148178)
  Emily C. O'Brien (Bar No. – Pending)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700
Email:   davideiseman@quinnemanuel.com
         albedecarre@quinnemanuel.com
         emilyobrien@quinnemanuel.com

FLIESLER MEYER LLP
  Martin C. Fliesler (Bar No. 073768)
  Melissa L. Basch (Bar No. 190374)
Four Embarcadero Center, Fourth Floor
San Francisco, California 94111
Telephone:   (415) 362-3800
Facsimile:   (415) 362-2928
Email:   mcf@fdml.com
         mbasch@fdml.com

Attorneys for Plaintiff
Tele Atlas North America, Inc.

ORIGINAL FILED

DEC 19 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELE ATLAS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADAMASU GEBRE, <br><br> Defendant. | CASE NO. C 05 5246 MJJ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |

Plaintiff Tele Atlas North America, Inc. ("Tele Atlas") complains in this action against Defendant Adamasu Gebre ("Gebre") as follows:

## NATURE OF THE ACTION

1. Gebre is one of the named inventors, and claims to be the owner, of United States Patent Nos. 5,297,049 and 5,247,439, both entitled "Vehicle Guidance System" (the "'049 and '439 patents"). As a result of Gebre's ongoing written and oral communications with Tele Atlas, its partners and its customers and Gebre's recent filing of a patent infringement action against other companies in the vehicle navigation, telecommunications and traffic industries, Tele Atlas reasonably apprehends that Gebre intends to assert claims against Tele Atlas for alleged infringement of the '049 and '439 patents. Tele Atlas, however, does not infringe the '049 or '439 patents. Accordingly, Tele Atlas brings this action to obtain a declaratory judgment of noninfringement of the '049 and '439 patents.

## THE PARTIES

2. Tele Atlas is a corporation organized under the laws of California, with business operations in California, and an office located at 1605 Adams Drive, Menlo Park, California 94025.

3. Tele Atlas is informed and believes and on that basis alleges that Gebre is an individual residing at Carmenlaan 151, 1183 Amstelveen, The Netherlands.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and(d).

## INTRADISTRICT ASSIGNMENT

6. Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## GENERAL ALLEGATIONS

7. Tele Atlas is in the business of creating and licensing digital map data and other products and services for particular applications, including vehicle navigation and traffic applications.

8. Gebre is one of the named inventors of the '049 and '439 patents. In addition, Tele Atlas is informed and believes and on that basis alleges that Gebre is the owner of the '049 and '439 patents. The documents attached to this Complaint as Exhibits 1 and 2 are true and correct copies of the '049 and '439 patents.

9. Beginning in November 2004 and continuing to the present time, Gebre, through his attorneys, has corresponded orally and in writing with Tele Atlas and its attorneys regarding the '049 and '439 patents, as well as other patents and applications owned by Gebre. In that correspondence, Gebre has communicated his belief that Tele Atlas is infringing the '049 and '439 patents through (a) Tele Atlas' supplying of traffic data output from its Traffic Server to Tele Atlas' partners and customers; (b) Tele Atlas' licensing of its True Time Maps to Tele Atlas' partners and customers; and/or (c) Tele Atlas' supplying or licensing of other products or services to Tele Atlas' partners and customers.

10. Tele Atlas is informed and believes and on that basis alleges that Gebre, through his attorneys, has also corresponded orally and in writing with various Tele Atlas partners and customers regarding the '049 and '439 patents. Tele Atlas is further informed and believes and on that basis alleges that in that correspondence, Gebre has communicated his belief that Tele Atlas' partners and customers are infringing the '049 and '439 patents through those partners and customers' use of (a) traffic data output from Tele Atlas' Traffic Server; (b) Tele Atlas' True Time Maps; and/or (c) other Tele Atlas products or services.

11.    On December 7, 2005, Gebre filed a patent infringement action in the United States District Court for the Northern District of Illinois against Motorola Inc. ("Motorola") and NAVTEQ Corporation ("NAVTEQ"). In that action, Gebre alleges that Motorola and NAVTEQ have infringed the '049 patent through their manufacture, use, importation, sale and/or offer for sale of software, data, hardware, and communications services for use in reporting and making use of traffic conditions in certain handheld, portable and in-vehicle guidance and information systems.

12.    On December 8, 2005, Gebre's attorneys forwarded a copy of Gebre's patent infringement complaint against Motorola and NAVTEQ to Tele Atlas' attorneys. Gebre's attorneys indicated that Gebre had imposed a January 1, 2006 "deadline" for concluding a license agreement with Tele Atlas. Gebre's attorneys also indicated that Gebre is "becoming convinced litigation is the only method for motivating companies to seriously consider the matter."

13.    Based on Gebre's written and oral communications with Tele Atlas, its partners and its customers and Gebre's recent filing of his patent infringement action against Motorola and NAVTEQ, Tele Atlas reasonably apprehends that Gebre intends to assert claims against Tele Atlas for alleged infringement of the '049 and '439 patents.

14.    Tele Atlas does not infringe, and has never infringed, the '049 and '439 patents.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of United States Patent No. 5,297,049)**

15.    Tele Atlas realleges and incorporates by reference paragraphs 1 through 14, inclusive, as though fully set forth in this paragraph.

16.    Tele Atlas does not make, use, import, offer for sale or sell, and has not ever made, used, imported, offered to sell or sold, a method, device or apparatus that infringes, contributes to, or induces infringement of any valid and enforceable claim of the '049 patent.

17.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Tele Atlas and Gebre concerning the infringement or noninfringement of the '049 patent.

18. Tele Atlas is entitled to a declaratory judgment that it does not infringe, contribute to or induce infringement of any valid and enforceable claim of the '049 patent.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of United States Patent No. 5,247,439)**

19. Tele Atlas realleges and incorporates by reference paragraphs 1 through 18 inclusive, as though fully set forth in this paragraph.

20. Tele Atlas does not make, use, import, offer for sale or sell, and has not ever made, used, imported, offered to sell or sold, a method, device or apparatus that infringes, contributes to or induces infringement of any valid and enforceable claim of the '439 patent.

21. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Tele Atlas and Gebre concerning the infringement or noninfringement of the '439 patent.

22. Tele Atlas is entitled to a declaratory judgment that it does not infringe, contribute to or induce infringement of any valid and enforceable claim of the '439 patent.

### PRAYER FOR RELIEF

WHEREFORE, Tele Atlas prays for judgment against Gebre as follows:

A. For a declaration that Tele Atlas does not infringe, contribute to or induce infringement of any valid and enforceable claim of the '039 patent;

B. For a declaration that Tele Atlas does not infringe, contribute to or induce infringement of any valid and enforceable claim of the '439 patent;

C. For a declaration that this case is exceptional, and for an award to Tele Atlas of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; and

1      D.    For an award to Tele Atlas of such other and further relief as this Court deems just and proper

DATED: December 19, 2005    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ David Eiseman / Albert P. Bedecarré
David Eiseman
Attorneys for Plaintiff
Tele Atlas North America, Inc.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Tele Atlas North America, Inc. demands a trial by jury on all issues triable by jury.

DATED: December 19, 2005    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ David Eiseman / Albert P. Bedecarré
David Eiseman
Attorneys for Plaintiff
Tele Atlas North America, Inc.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

In accordance with Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Tele Atlas N.V. is the parent company of Plaintiff Tele Atlas North America, Inc.

DATED: December 19, 2005         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
David Eiseman
Attorneys for Plaintiff
Tele Atlas North America, Inc.

76134/1805693.1

-7-

COMPLAINT; JURY DEMAND; CERTIFICATION